```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                      5:09CV2-MU-02
```

DONTERRIUS BARNETTE,    )
     Plaintiff,         )
                        )
        v.              )
                        )
(FNU) WILSON, Sergeant  )
  at the Alexander Cor- )
  rectional Institution;)
(FNU) BROWN, Guard at the)
  Alexander Correctional )
  Institution;          )           O R D E R
(FNU) EASLEY, Guard at  )
  the Alexander Correc- )
  tional Institution;   )
(FNU) SMITH, Nurse at the)
  Alexander Correctional )
  Institution; and      )
GERALD BRANKER, Warden at)
  Central Prison,       )
     Defendants.        )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint brought under 42 U.S.C. § 1983, filed in the United States District Court for the Eastern District of North Carolina on June 2, 2008, and transferred to this Court by Order entered January 6, 2009.

By his Complaint, Plaintiff alleges that he was "brutalized" by otherwise unidentified "Defendants" on an unspecified date; and that Defendant Smith "watched the brutality minus asking them to stop, but instigator [sic], provacateur [sic] manifest [sic]

cruel and unusual punishment." Plaintiff reports that the assault resulted in subdural and epidural [sic] hematomas to his head, face, chest, lungs, throat and stomach. Consequently, Plaintiff asks the Court to award him millions of dollars in damages.

In addition, Plaintiff alleges that on some occasion, he swallowed a four-inch piece of metal, resulting in his being transferred to a mental health unit at Central Prison; and that he will suffer "other illnesses [and] post traumatic stress disorder" if this Court does not enter an Order directing that the foreign object in his bowels be removed.

As has been alluded to, Plaintiff has failed to provide essential details for his allegations. Indeed, Plaintiff has not provided the date of the alleged incident and, other than alleging that Defendant Smith somehow instigated and provoked the assault, he has not identified which Defendant(s) struck him. As such, Plaintiff's allegation against Defendant Smith must be dismissed for its failure to state a claim for relief. See Morrison v. Martin, 755 F.Supp. 683, 687 (E.D.N.C.) (verbal abuse of inmates by guards insufficient to state a claim for assault), aff'd 917 F.2d 1302 (4th Cir. 1990).

Likewise, Plaintiff's allegations against Defendants Wilson, Brown and Easley also are subject to summary dismissal as they are so conclusory that they lack the critical details which must

2

be alleged in order to ensure that a claim for relief timely has been asserted. However, out of an abundance of caution, the Court will give Plaintiff an opportunity to provide the missing information for the Court's review.

Finally, as for Plaintiff's inclusion of Defendant Branker in this Complaint, it is clear that such Defendant must be dismissed from this action. Indeed, aside from the fact that Plaintiff has not even set forth a specific allegation against him, it is apparent that any allegedly unlawful actions which Branker may have taken necessarily would <u>not</u> have occurred within this judicial District as Plaintiff has identified Branker as the Warden of Central Prison. Significantly, Central Prison is located in Raleigh and situated within the Eastern District of North Carolina. As such, venue over any actual or potential claims against Branker is not proper in this District; therefore, the Court summarily will dismiss him from this action.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's allegation against Defendant Smith is **DISMISSED** for its failure to state a constitutional claim for relief; and the Clerk shall delete all references to Defendant Smith from this docket.

2. Plaintiff's Complaint also is **DISMISSED** as to Defendant Branker, pursuant to 28 U.S.C. § 2406(a), for improper venue; and the Clerk shall delete all references to Defendant Branker from

3

this docket.

3. Within thirty (30) days from the date of this Order, Plaintiff must file a document detailing who among Defendants Wilson, Brown and/or Easley allegedly assaulted him, how that assault allegedly was accomplished, and when the assault allegedly occurred. **Plaintiff is placed on notice that his failure timely to respond to this Order could result in the dismissal of his case without any prior notice to him.**

**SO ORDERED.**

Signed: January 7, 2009

Graham C. Mullen
United States District Judge