```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
           STATESVILLE DIVISION
              5:09CV2-MU-02
```

```
DONTERRIUS BARNETTE,           )
      Plaintiff,               )
                               )
        v.                     )
                               )
(FNU) WILSON, Sergeant         )
  at the Alexander Cor-        )
  rectional Institution;       )
(FNU) BROWN, Guard at the      )
  Alexander Correctional       )
  Institution;                 )         O R D E R
(FNU) EASLEY, Guard at         )
  the Alexander Correc-        )
  tional Institution;          )
      Defendants.              )
_____)
```

**THIS MATTER** comes before the Court on its own motion. For the reasons stated herein, and for the further reasons set forth in the Court's Order entered January 7, 2009 (document # 6), Plaintiff's Complaint will be <u>dismissed</u> with prejudice.

On June 2, 2008, Plaintiff improperly filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of North Carolina (document # 1). However, by Order filed January 6, 2009, Plaintiff's case was transferred to this District (pursuant to 28 U.S.C. § 1404-(a)) where venue was deemed to be proper (document # 4).

On January 7, 2009, this Court conducted an initial review

of Plaintiff's claims and determined several critical matters. First, this Court observed that Plaintiff had made allegations of verbal abuse and against one individual and had named another individual as a defendant without bothering even to set forth an allegation against that person.  The Court determined that such efforts simply fell short of stating a constitutional claim for relief; therefore, its January 2009 Order dismissed Plaintiff's Complaint as to those two individuals.

Equally critically, this Court determined that Plaintiff's allegations against Defendants Wilson, Brown and Easley were conclusory and also subject to summary dismissal in that they lacked sufficient details to ensure that a claim for relief timely had been asserted against them.  Specifically, the Court determined that Plaintiff had failed to detail who of the remaining three defendants allegedly had assaulted him, how that assault was accomplished and when it occurred.  However, out of an abundance of caution, the Court gave Plaintiff a thirty (30)-day extension of time in which to provide the missing information.  Plaintiff also was expressly admonished that his failure timely to respond to the Court's Order could result in the dismissal of his case without further notice to him.  The Court's Order directed Plaintiff to provide the missing information no later than February 6, 2009.

The Court now has reviewed the record of this case and

determined that Plaintiff's deadline expired more than two weeks ago, yet he has failed either to provide the missing information or to seek additional time in which to comply with the Court's Order. Therefore, the Court finds that Plaintiff's Complaint is deficient and, notwithstanding the fact that he was given an opportunity to do so, Plaintiff has failed to cure that deficiency. Indeed, Plaintiff's allegations that on some occasion, he "swallowed a piece of metal approx. 4 inches in length and [was] beaten by some guards in the mop/utility closet" simply falls short of stating a constitutional claim for relief against Defendants Wilson, Brown and/or Easley. Accordingly, Plaintiff's Complaint will be dismissed in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is dismissed with prejudice for his failure to state a constitutional claim for relief.

**SO ORDERED.**

Signed: February 25, 2009

Graham C. Mullen
United States District Judge